Eric D. Houser (SBN 130079)
Lauren E. Misajon (SBN 257735)
HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (562) 256-1685
E-mail: lmisajon@houser-law.com

Attorneys for Defendants
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-Through Certificates, Series 2007-BR1 (erroneously sued as "Deutsche Bank National Trust Company, Trustee of Securitized Asset Backed Receivables, LLC Trust 2007-BRI Mortgage Pass Through Certificates, Series 2007-BR1, Securitized Asset Backed Receivables, LLC"), Mortgage Electronic Registration Systems, Inc. (erroneously sued as "Mortgage Electronic Systems, Inc."), Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nan Hui Chen<br><br>          Plaintiff,<br><br>     v.<br><br>Deutsche Bank National Trust Company, Trustee of Securitized Asset Backed Receivables, LLC Trust 2007-BRI Mortgage Pass Through Certificates, Series 2007-BR1; Securitized Asset Backed Receivables, LLC; Ocwen Loan Servicing, LLC; Western Progressive LLC; Mortgage Electronic Systems, Inc. ("MERS"); and all persons claiming any legal or equitable right, title, estate, lien, interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title, and Does 1-50 inclusive,<br><br>          Defendants. | Case No. 4-13-cv-3352-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANTS'<br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(Filed concurrently with Request for Judicial Notice and (Proposed) Order)<br><br>Date: February 4, 2014<br>Time: 2:00 p.m.<br>Dept: 5 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on February 4, 2014, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled Court located at 1301 Clay

1    Street, Oakland, California 94612, Defendants Deutsche Bank National Trust Company, as

2    Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-

3    Through Certificates, Series 2007-BR1, Ocwen Loan Servicing, LLC, Mortgage Electronic

4    Registration Systems, Inc., and Western Progressive, LLC (collectively "Defendants") will

5    and hereby do move this Court to dismiss the Complaint of Plaintiff Nan Hui Chen.

6        This Motion is made and based upon Federal Rule of Civil Procedure 12(b)(6) on the

7    grounds that the claims contained in Plaintiff's Complaint fail to state a claim upon which

8    relief can be granted.  This Motion is based upon this Notice of Motion, the Memorandum of

9    Points and Authorities, and upon all pleadings, papers, and documents on file herein, as well

10   as any oral argument which may be presented at the time of the hearing or any matters of

11   which judicial notice is taken.

12

13   Dated:  December 23, 2013          HOUSER & ALLISON

14                                       A Professional Corporation

15

16                                   By: /s/ Lauren E. Misajon
                                          Lauren E. Misajon, Esq.,
17                                        Attorneys for Defendants,
                                          Deutsche Bank National Trust Company, as Trustee for
18                                        Securitized Asset Backed Receivables LLC Trust 2007-
                                          BR1, Mortgage Pass-Through Certificates, Series 2007-
19                                        BR1, Ocwen Loan Servicing, LLC, Mortgage
                                          Electronic Registration Systems, Inc., and Western
20                                        Progressive, LLC

21

22

23

24

25

26

27

28

---

**DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................................1

II.     STATEMENT OF FACTS .....................................................................................1

III.    DISCUSSION ........................................................................................................3

   A.   Plaintiff Fails To Plead Any Legal Grounds On Which He Can

      Impose Liability On Western Progressive .....................................................3

   B.   Plaintiff's Attack on New Century Mortgage Company's Status as

      the Lender and MERS's Status as the Beneficiary Acting as

      Nominee For the Lender Fails......................................................................3

   C.   Plaintiff's First Claim for Cancellation of Instruments Fails

      Because Plaintiff Does Not Allege Any Valid Grounds for

      Declaring the Instruments Void Or How the Instruments Can

      Cause Serious Injury to Plaintiff .................................................................4

      1.   Plaintiff Does Not Allege Valid Grounds to Cancel the

         Deed of Trust .................................................................................5

      2.   Plaintiff Does Not Allege Valid Grounds to Cancel the

         Notice of Default ...........................................................................6

      3.   Plaintiff Does Not Allege Valid Grounds to Cancel the

         Substitution of Trustee...................................................................6

      4.   Plaintiff Does Not Allege Valid Grounds to Cancel the

         Assignment of Deed of Trust.........................................................7

      5.   Plaintiff Does Not Allege Valid Grounds to Cancel the

         Notice of Trustee's Sale ................................................................8

   D.   Plaintiff's Second Claim for Violation of Homeowner's Bill

      of Rights Fails as a Matter of Law Because The Homeowner's

      Bill of Rights Cannot Be Applied Retroactively and Plaintiff

      Does Not Facts To Support Any Statutory Violation ...................................8

      1.   Defendants Cannot Be Liable Under Civil Code Section 2923.55 ...........8

      2.   Defendants Cannot Be Liable Under Civil Code Section 2924.17 ...........9

**DEFENDANTS' MOTION TO DISMISS**

3.     Defendants Cannot Be Liable Under Civil Code Section 2923.7 ............................10

E.    Plaintiff's Third Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because Plaintiff Has Not Alleged A Specific Contractual Provision That Defendants Breached.................................................................................................10

F.    Plaintiff's Fourth Claim for Quasi-Contract Fails As A Matter of Law Because It Is Barred by the Statute of Limitations and Is Not Pled With the Requisite Specificity...................................11

1.     Plaintiff's Quasi-Contract Claim Is Barred By the Statute of Limitations.................................................................................11

2.     Plaintiff Fails to Plead Fraud With the Requisite Specificity...................................12

G.    Plaintiff's Fifth Claim for Accounting Fails As A Matter of Law Because Defendants Owe No Money to Plaintiff ..................................13

H.    Plaintiff's Slander Of Title Claim Fails Because Plaintiff Does Not Allege Facts Showing That Defendants Maliciously Recorded The Foreclosure Documents ........................................13

I.    Plaintiff's Seventh Claim for Unfair Competition Claim Fails Because She Lacks Standing And It Is Premised On Underlying Claims That Fail.......................................................14

J.    Plaintiff's Eighth Claim for Violation of the FDCPA Fails As A Matter of Law Because Plaintiff Does Not Establish Any of the Defendants as a Debt Collector Performing Debt Collection Activities In Violation of the FDCPA .........................15

K.    Plaintiff's Ninth Claim for Violation of RESPA and TILA Fails As A Matter of Law...............................................................16

IV.    CONCLUSION .............................................................................17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Cases**

*Aceves v. U.S. Bank, N.A. as Trustee* (2011) 192 Cal.App.4th 218................................6

*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118 ...............................4

*Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310, 265 Cal.Rptr. 525 (Ct.App.1989)12

*F.D.I.C. v. Dintino* (2008) 167 Cal.App.4th 333 ................................11

*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256................................7

*Fox v. Ethican Endo-Surgery, Inc.* (2005) 35 Cal. 4th 797 ...............................12

*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 ...............................4

*Gudger v. Manton* (1943) 21 Cal. 2d 537 ................................13, 14

*Heintz v. Jenkins* (1995) 514 U.S. 291................................14, 15

*I.E. Assocs. v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281 ...............................3

*Janis v. Cal. State Lottery Comm'n* (1998) 68 Cal. App. 4th 824 ...............................13

*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316 ...............................3

*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723 ...............................12

*Marquez v. Wells Fargo Bank, N.A.*, *5 fn. 2, 2013 WL 5141689 (N.D.Cal.)...............................9

*Medrano v. Flagstar Bank, FSB* (2012) 704 F.3d 661 ...............................16

*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238................................7

*Moss v. Moss* (1942) 20 Cal. 2d 640................................5

*Peifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250......................................15

*Perez v. Wells Fargo Bank*, N.A., 2011 WL 3809808................................10

*Plastino v. Wells Fargo Bank* (2012) 873 F.Supp.2d 1179 ...............................10, 14

*Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579 ...............3

*Robertson v. Superior Court* (2001) 90 Cal. App. 4th 1319................................5

*Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38 ...............................11

*Stalberg v. Western Title Ins. Co. (*1994) 27 Cal.App.4th 925 ...............................13

*Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64...............12

*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156................................13

*Union Bank v. Superior Ct.* (1995) 31 Cal.App.4th 573................................13

---

**DEFENDANTS' MOTION TO DISMISS**

*Weber Living Trust v. Wells Fargo Bank, N.A.*, *4, 2013 WL 1196959 (N.D.Cal.) ...................9

*Zakaessian v. Zakaessian* (1945) 70 Cal. App. 2d 721...................................................5

**Statutes**

12 U.S.C. § 1640 (e) ................................................................................ 16

12 U.S.C. § 2605 (e)(1)(A) ....................................................................... 16

12 U.S.C. § 2605 (e)(1)(B) ....................................................................... 16

12 U.S.C. § 2614........................................................................................ 16

15 U.S.C. § 1640(a) ................................................................................... 16

15 U.S.C. § 1641 (a) .................................................................................. 16

15 U.S.C. § 1641(f).................................................................................... 16

15 U.S.C. § 1641(g)................................................................................... 16

Business and Professions Code § 17200 ................................................... 14

Business and Professions Code § 17203 ................................................... 14

Business and Professions Code § 17204 ................................................... 14

California Penal Code § 532 (f)(a)(4) .......................................................... 6

California Statute of Frauds § 1624 (a)(3) ................................................... 7

Civil Code § 47............................................................................................. 3

Civil Code  § 532 (f)(a)(4).......................................................................... 6

Civil Code § 1550.................................................................................... 5, 7

Civil Code § 1558......................................................................................... 5

Civil Code § 2309 .................................................................................... 6, 7

Civil Code § 2923.5 ..................................................................................... 8

Civil Code § 2923.55 ............................................................................... 8, 9

Civil Code § 2923.7 ................................................................................... 10

Civil Code § 2924.17 ............................................................................. 9, 10

Civil Code § 2924. 17(c) ............................................................................. 9

Civil Code § 2924(c)(b)(1) .......................................................................... 6

Civil Code § 2924(d) ............................................................................. 13, 14

Civil Code § 2934a ...................................................................................... 6

Civil Code § 3412 ................................................................................. 4, 5, 6

Code of Civil Procedure § 338(d) ...................................................... 5, 11

Code of Civil Procedure § 343 .................................................................. 5

RESPA § 2605 .......................................................................................... 16

**Rules**

Federal Rules of  Civil Procedure 9 (b) ................................................... 12

**Other Authorities**

Federal Debt Collection Practice Act § 1692(e)(1) ................................. 15

Federal Debt Collection Practice Act § 1692e(a) ................................... 15

Federal Debt Collection Practice Act § 1692f(6) ................................... 15

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff Nan Hui Chen obtained a loan in the amount of $206,310.00 in 2006.  In May of 2009, Plaintiff was offered a loan modification that she rejected.   Non-judicial foreclosure proceedings were initiated after Plaintiff defaulted on the loan in 2010.  In December of 2010, Plaintiff was offered another loan modification that she rejected.   Plaintiff has not made a payment on the loan since June of 2010, but to date no foreclosure sale has taken place.  In an attempt to further postpone foreclosure, Plaintiff has filed the instant meritless case against the servicer of the loan, Ocwen Loan Servicing, LLC ("Ocwen"); the current loan beneficiary, Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-Through Certificates, Series 2007-BR1 ("DBNTC as Trustee"); the former beneficiary acting as the nominee for the original lender, Mortgage Electronic Registration Systems, Inc. ("MERS"); and the foreclosure trustee, Western Progressive, LLC ("Western Progressive").

Plaintiff alleges nine claims apparently based on the unsupported theory that Plaintiff is not obligated to pay her mortgage because the entities which collect Plaintiff's monthly mortgage payments, as well as those that have initiated foreclosure proceedings, are not authorized to do so under Plaintiff's Note and Deed of Trust.  Plaintiff, however, states no facts to support this baseless theory.  Plaintiff also fails to plead any legal grounds on which she can impose liability on Western Progressive or MERS.  For the reasons stated in detail below, the allegations contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted.  As such, Plaintiff's Complaint should be dismissed with prejudice.

**II.    STATEMENT OF FACTS**

On or about November 1, 2006, Plaintiff Nan Hui Chen obtained a loan in the amount of $206,310.00, secured by a Deed of Trust against the real property located at 4121 Shelter Creek Lane in San Bruno, California 94066 ("Property").  (Request for Judicial Notice ("RJN"), Ex. 1).

1    The Deed of Trust identifies New Century Mortgage Corporation ("NCMC") as the lender and

2    MERS as the beneficiary, acting as nominee for the Lender and Lender's successors and assigns.

3    (*Id.*)  The Deed of Trust provides that the Note can be sold or transferred without prior notice to

4    the Borrower, and that a sale might result in a change in the Loan Servicer.  (RJN, Ex. 1 at ¶ 20).

5            In May of 2009, Plaintiff was offered a loan modification that she did not accept.

6    (Compl., ¶ 25).  On or about August 31, 2010, HomEq transferred the loan servicing rights to

7    Ocwen who remains the servicer of Plaintiff's loan.  On or around November 3, 2010, a Notice

8    of Default was recorded showing Plaintiff was in arrears in the amount of $7,029.60.  (RJN, Ex.

9    2).  In December of 2010, Plaintiff was offered another loan modification that she did not

10   accept.  (Compl., ¶ 26).  The Notice of Default recorded in November 2010 was subsequently

11   rescinded on January 17, 2011.  (RJN, Ex. 3).

12          On January 18, 2011, a Notice of Default was recorded showing arrears in the amount of

13   $9,023.30.  (RJN, Ex. 4).  The Notice of Default was subsequently rescinded on May 3, 2011.

14   (RJN, Ex. 5).   On April 22, 2011, a Notice of Default was recorded showing arrears in the

15   amount of $12,044.43.  (RNJ, Ex. 6).  On August 11, 2011, an assignment of the beneficial

16   interest in the Deed of Trust from MERS as nominee for NCMC to Deutsche Bank National

17   Trust Company, as Trustee Under Pooling and Servicing Agreement dated as of March 1, 2007

18   Securitized Asset Backed Receivables LLC Trust 2007-BR1 ("DBNTC as Trustee"), was

19   recorded.  (RJN, Ex. 7).

20          On October 5, 2012, DBTNC as Trustee, by Ocwen Loan Servicing, LLC, its attorney in

21   fact, substituted Western Progressive, LLC as Trustee under the Deed of Trust.  (RJN, Ex. 8).

22   On April 24, 2013, Western Progressive as Trustee recorded a Notice of Trustee's Sale with a

23   sale date of May 20, 2013, showing the amount of unpaid balance and other charges on the loan

24   totaling $232,422.93.  (RJN, Ex. 9).  To date, no sale has taken place.

25   ///

26   ///

27   ///

28

---

**DEFENDANTS' MOTION TO DISMISS**

2

III.     DISCUSSION

   A.     **Plaintiff Fails To Plead Any Legal Grounds On Which He Can Impose Liability On Western Progressive**

Western Progressive is named solely for actions conducted in its capacity as a foreclosure trustee.  No duties are imposed upon a foreclosure trustee except those specifically indicated by the deed of trust and statutes.  This is in large part because a trustee under a Deed of Trust "is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary."   *Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579, 583; *see I.E. Assocs. v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 288 ("(T)here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes.").  Per Civil Code section 2924(d), the mailing, publication and delivery of notices of default and notices of sale required by this section, and the performance of procedures described in this article, "shall constitute privileged communications" pursuant to Civil Code section 47.  *See Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333 (holding that the statutorily required mailing, publication and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial foreclosure procedures, are privileged communications under the qualified privilege for a communication without malice).  Plaintiff has not alleged that Western Progressive acted with malice in performing privileged statutory duties as foreclosure trustee, nor could she.  As such, Western Progressive must be dismissed from Plaintiff's Complaint in its entirety with prejudice.

   B.     **Plaintiff's Attack on New Century Mortgage Company's Status as the Lender and MERS's Status as the Beneficiary Acting as Nominee For the Lender Fails**

Plaintiff alleges New Century Mortgage Company ("NCMC") was not the true Lender under the original Note and Deed of Trust to contend that NCMC did not have the ownership authority to sell the loan to DBNTC as Trustee, and therefore, DBNTC as Trustee has not incurred any default on Plaintiff's loan and cannot declare a default.  However, the allegation

---

**DEFENDANTS' MOTION TO DISMISS**

1  that NCMC is not the true lender is baseless and unsupported. In the complaint, Plaintiff

2  references an unknown party "SABR" and appears to cut and paste paragraphs 45 and 52 from

3  an unknown source to make incoherent allegations. NCMC is appropriately identified as the

4  lender in the Deed of Trust and there is no reason to believe NCMC was not the true lender.

5  Even so, Plaintiff does not demonstrate any prejudice suffered as a result of this allegation.

6  Thus, Plaintiff's attack on NCMC status as the lender fails.

7     Plaintiff's attack on MERS's ability to assign the beneficial interest and substitute a

8  trustee under a deed of trust is also baseless. California courts have soundly declared that

9  MERS, as beneficiary acting as the nominee for the Lender under a deed of trust, may initiate

10  foreclosure or assign other entities as beneficiary or trustee who in turn may initiate non-judicial

11  foreclosure pursuant to the power of sale provision in a deed of trust. *Calvo v. HSBC Bank USA,*

12  *N.A.* (2011) 199 Cal.App.4th 118, 125 (*petition for review denied*); *Gomes v. Countrywide*

13  *Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1156-57. In addition, Plaintiff falsely alleges

14  that the agency relationship between MERS was terminated when New Century Liquidating

15  Trustee terminated the contract with MERS in 2008 and that MERS had no agency relationship

16  with NCMC to assign the Deed of Trust. The Deed of Trust designates MERS as the

17  beneficiary, regardless of New Century Mortgage's bankruptcy. New Century Mortgage's

18  bankruptcy has no impact on MERS's status as beneficiary under the Deed of Trust because the

19  language in the Deed of Trust, to which Plaintiff agreed upon, states that MERS is the nominee

20  for the Lender and the Lender's successors and assigns. Further, Plaintiff also fails to allege any

21  prejudice by MERS status as beneficiary acting as the nominee for the Lender for purposes of

22  assigning the Deed of Trust. As such, Plaintiff's attack on MERS's fails.

23  **C.    Plaintiff's First Claim for Cancellation of Instruments Fails Because**

24  **Plaintiff Does Not Allege Any Valid Grounds for Declaring the Instruments**

25  **Void Or How the Instruments Can Cause Serious Injury to Plaintiff**

26     Pursuant to Civil Code section 3412, a court-ordered cancellation is authorized only if

27  the document in issue is void or voidable. Here, Plaintiff does not allege any valid grounds for

28  declaring void and cancelling the Deed of Trust, Notice of Default, Assignment of Deed of

---

**DEFENDANTS' MOTION TO DISMISS**

1    Trust, Substitution of Trustee, and Notice of Trustee's Sale.  Civil Code section 3412 provides:

2    "A written instrument, in respect to which there is reasonable apprehension that if left

3    outstanding it may cause serious injury to a person against whom it is void or voidable, may,

4    upon his application, be so adjudged, and ordered to be delivered up or canceled."  Civ. Code §

5    3412.  Plaintiff does not articulate any coherent, valid arguments to support cancellation of any

6    of the subject instruments.

7                     **1.       Plaintiff Does Not Allege Valid Grounds to Cancel the Deed of Trust**

8              Plaintiff's action to cancel the Deed of Trust is barred by the statute of limitations.  Even

9    when an instrument is allegedly wholly void, an action to cancel it is subject to the applicable

10   statute of limitations.  *Robertson v. Superior Court* (2001) 90 Cal. App. 4th 1319, 1326-27.

11   Actions under section 3412 are generally subject to a four-year statute of limitations period

12   under California Code of Civil Procedure section 343.  *See Moss v. Moss* (1942) 20 Cal. 2d 640,

13   644.  When fraud in the origination is involved, the claim is subject to a three-year statute of

14   limitations under California Code of Civil Procedure section 338(d).  *Zakaessian v. Zakaessian*

15   (1945) 70 Cal. App. 2d 721, 725.  In the present case, it does not matter which statute of

16   limitations is applied, because the Deed of Trust was executed on November 1, 2006, and

17   Plaintiff does not allege any grounds for tolling the statute of limitations.  (Compl., ¶ 19; RJN,

18   Ex. 2).

19             Furthermore, Plaintiff does not allege valid grounds for voiding the Deed of Trust.

20   Plaintiff contends the Deed of Trust and Note violate California Civil Code section 1558

21   because they do not identify the "true" parties to the transaction or the contract, and because

22   NCMC did not provide "sufficient consideration" as required under California Civil Code

23   section 1550, and the consideration was paid by unidentified DOE investors.  (Compl., ¶¶ 60 –

24   61).  However, the Deed of Trust identifies the borrower, lender, trustee, and beneficiary.

25   Plaintiff does not provide any reasoned argument or cite to any legal authority regarding how

26   these alleged problems are grounds to cancel the instrument.  Furthermore, Plaintiff does not

27   allege any facts demonstrating how these alleged problems caused her "serious injury," as

28

---

**DEFENDANTS' MOTION TO DISMISS**

1   required by Civil Code section 3412 to support cancellation.   Thus, Plaintiff's claim for

2   cancellation of the Note and Deed of Trust fails as a matter of law and should be dismissed.

3          **2.       Plaintiff Does Not Allege Valid Grounds to Cancel the Notice of**

4                  **Default**

5          Plaintiff's arguments concerning cancellation of the Notice of Default issued on January

6   7, 2011, are moot because on May 3, 2011, a Notice of Rescission of the Notice of Default was

7   recorded.   (RJN, Ex. 5).   Plaintiff's unsupported and conclusory arguments concerning the

8   Notice of Default issued on April 21, 2011, do not make the Notice of Default void or justify

9   cancellation.   Plaintiff wrongly argues the April 2011 Notice of Default identifies Ocwen Loan

10  Servicing LLC as the beneficiary with DBNTC as Trustee of the REMIC Trust as the Attorney

11  in Fact in violation of Civil Code section 2924c(b)(1).   (RJN, Ex. 7).   Plaintiff also argues that

12  Kevin Frost who signed the Notice of Default had no personal knowledge nor relied upon

13  competent or reliable evidence that Ocwen or DBNTC as Trustee had incurred a default; and

14  that Western Progressive violated California Mortgage Fraud Statutes and California Penal Code

15  section 532 (f)(a)(4).   These allegations are baseless and not grounds for cancellation.   Plaintiff

16  has not and cannot suffer serious injury as a result of the way in which the January 2011 Notice

17  of Default was issued.   Thus, Plaintiff's claim for cancellation of Notice of Default fails as a

18  matter of law and should be dismissed.

19         **3.       Plaintiff Does Not Allege Valid Grounds to Cancel the Substitution of**

20                 **Trustee**

21         Plaintiff alleges that the Substitution of Trustee violates the California Mortgage Fraud

22  Statute and California Civil Code sections 2309, 2934a, and 532 (f)(a)(4).   The applicable

23  Substitution of Trustee was recorded on October 29, 2012, and signed by Jacqueline S.

24  Michaelson, Contract Management Coordinator and attorney-in-fact.   (RJN, Ex. 8).   Neither

25  section 2934a, nor the deed itself precludes an attorney-in-fact from signing a Substitution of

26  Trustee.   *Aceves v. U.S. Bank, N.A. as Trustee* (2011) 192 Cal.App.4th 218, 231-232.   Moreover,

27  Plaintiff does not allege that her ability to contest or avert foreclosure was impaired by the way

28  in which the Substitution of Trustee was signed and issued.   Without any showing of prejudice,

---

**DEFENDANTS' MOTION TO DISMISS**

6

1   any claim by Plaintiff for cancellation of the Substitution of Trustee fails.  *See Melendrez v. D &*
2   *I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1257.  Thus, Plaintiff's claim for cancellation of
3   Substitution of Trustee fails as a matter of law and should be dismissed.

4          **4.        Plaintiff Does Not Allege Valid Grounds to Cancel the Assignment of**
5                      **Deed of Trust**

6          Plaintiff alleges numerous reasons for cancellation of the Assignment of Deed of Trust,
7   including allegations that (1) the Assignment of the Deed of Trust is void because the individual
8   executing it was not a duly authorized officer of MERS in violation of the California Statute of
9   Frauds, California Civil Code section 2309; (2) DBNTC as Trustee failed to provide "sufficient
10  consideration" in violation of California Civil Code section 1550; (3) neither New Century nor
11  NC Capital had any interest or authority to transfer assets because the assets had been
12  transferred to the Liquidating Trustee in 2008; (4) the assignment of a purportedly defaulted
13  mortgage loan is a prohibited transaction pursuant to New York EPTL 7-2-4; and (5) the
14  assignment violates California Statute of Frauds section 1624 (a)(3) in that MERS cannot assign
15  a beneficial interest in a Deed of Trust without naming the principal to whom it acts as
16  "nominee."  However, none of these reasons make the Assignment void.  The Assignment of
17  Deed of Trust specifically states that MERS was acting as nominee for NCMC as is permitted
18  by law.  (RJN, Ex. 7).  Moreover, "a plaintiff in a suit for wrongful foreclosure has generally
19  been required to demonstrate (that) the alleged imperfection in the foreclosure process was
20  prejudicial to the plaintiff's interests."  *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198
21  Cal.App.4th 256, 271, citing *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238,
22  1257 (holding that the presumption that a non-judicial foreclosure sale was conducted regularly
23  and fairly may be rebutted only by substantial evidence of "prejudicial procedural irregularity").
24  Plaintiff did not allegedly (or actually) suffer any prejudice as a result of the alleged deficiencies
25  in the Assignment.  As such, Plaintiff's allegations concerning the Assignment do not make the
26  Assignment void to warrant cancellation.
27  ///
28  ///

---

**DEFENDANTS' MOTION TO DISMISS**

5.      **Plaintiff Does Not Allege Valid Grounds to Cancel the Notice of Trustee's Sale**

Plaintiff claims in a conclusory fashion that the Notice of Trustee's Sale should be cancelled because it was issued by an improper Trustee on behalf of a non-beneficiary and based on invalid documents.  (Comp., ¶ 97).  However, the duly recorded instruments establish that Plaintiff was in default, DBNTC as Trustee was legitimately assigned the beneficial interest in the Deed of Trust, the Notice of Default was recorded in compliance with Civil Code section 2923.5, and Western Progressive was legitimately substituted as trustee and had authority to execute the Notice of Trustee's Sale.  Plaintiff does not deny that she was in default under the terms of the Deed of Trust and that she did not cure the default before the Notice of Trustee's Sale was recorded.  Not only was there a clear factual and legal basis for Western Progressive to record the Notice of Trustee's Sale, but Plaintiff does not allege any serious injury as a result of the way the Notice of Trustee's Sale was recorded.  Thus, Plaintiff fails to establish any valid grounds for cancellation of the Notice of Trustee's Sale.

D.      **Plaintiff's Second Claim for Violation of Homeowner's Bill of Rights Fails as a Matter of Law Because The Homeowner's Bill of Rights Cannot Be Applied Retroactively and Plaintiff Does Not Facts To Support Any Statutory Violation**

1.      **Defendants Cannot Be Liable Under Civil Code Section 2923.55**

Plaintiff alleges that Ocwen and DBNTC, as Trustee violated Civil Code section 2923.55 when they refused to provide Plaintiff with a true and correct copy of her Note and Deed of Trust.  However, Defendants cannot be liable for violation of section 2923.55, which did not become effective until January 1, 2013, after the valid Notice of Default was recorded on November 19, 2012.  (RJN, Ex. 7).  Furthermore, section 2923.55 provides that a mortgage servicer, mortgagee, trustee, beneficiary or authorized agent shall provide a statement that the borrower may request a copy of the borrower's promissory note and deed of trust before recording a notice of default.  Plaintiff only alleges that Ocwen and DBNTC as Trustee refused to provide Plaintiff with a true and correct copy of her "Note" and "Deed of Trust."  Thus, even

1 │ if Defendants could be liable for violating Section 2923.55 – which Defendants do not concede

2 │ is possible – Plaintiff has not alleged any facts to support a violation of section 2923.55.

3 │        **2.**      **Defendants Cannot Be Liable Under Civil Code Section 2924.17**

4 │        Plaintiff alleges that DBNTC and Ocwen violated Civil Code § 2924.17 when they failed

5 │ to ensure the Notice of Defaults were supported by reliable evidence to substantiate the

6 │ Plaintiff's default and default amount.   (Compl., ¶ 104).  Plaintiff also alleges that Ocwen

7 │ violated Civil Code section 2924.17 by failing to confirm the assignment of Deed of Trust and

8 │ Trustee's Deed Upon Sale and supported by competent and reliable evidence. (Compl., ¶ 105).

9 │ Again, Defendants cannot be liable for violation of section 2924.17, which did not become

10 │ effective until January 1, 2013, after the Assignment of the Deed of Trust was recorded on

11 │ August 11, 2011, and after the subject Notice of Default was recorded on November 19, 2012.

12 │ (RJN, Ex. 6 and 7).  *See Weber Living Trust v. Wells Fargo Bank, N.A.*, *4, 2013 WL 1196959

13 │ (N.D.Cal.) (holding Plaintiff cannot succeed on its "robo-signing" claim, since it applies to

14 │ actions that allegedly occurred before January 1, 2013).  In addition, No Trustee's Deed Upon

15 │ Sale has been recorded as Plaintiff admits she has filed the instant Complaint to stop the

16 │ trustee's sale.  (Compl. ¶ 44).

17 │       Furthermore, Section 2924.17 prohibits the practice of robo-signing, in which servicers

18 │ sign foreclosure documents without determining the right to foreclose; and provides for liability

19 │ for "multiple and repeated uncorrected violations" of recording and filing requirements listed in

20 │ section 2924. 17(a), but does not provide a private right of action for a single violation.  Cal.

21 │ Civ. Code § 2924. 17 (c); *see  Marquez v. Wells Fargo Bank, N.A.*, *5 fn. 2, 2013 WL 5141689

22 │ (N.D.Cal.).  Plaintiff does not dispute that she was in default at the time the November 2012

23 │ Notice of Default was recorded and does not allege multiple and repeated uncorrected violations

24 │ of recording and filing requirements.  Here, the first two Notices of Default were subsequently

25 │ rescinded.  (RJN, Exs. 3 and 5).  Plaintiff has not alleged facts to show how the Assignment of

26 │ Deed of Trust recorded on August 11, 2011, and Notice of Default recorded on November 19,

27 │ 2012, were not supported by reliable evidence to substantiate the Plaintiff's default and default

28 │

---

**DEFENDANTS' MOTION TO DISMISS**

1   amount.   (RJN, Ex. 7).   Thus, Plaintiff's claim for violation of Civil Code section 2924.17

2   should be dismissed with prejudice.

3           **3.      Defendants Cannot Be Liable Under Civil Code Section 2923.7**

4           Plaintiff alleges in one sentence that "Ocwen violated Civil Code § 2923.7 by failing to

5   provide Plaintiff a 'single point of contact.'"   (Compl., ¶ 107).   Section 2923.7, which became

6   effective on January 1, 2013, provides that "Upon request from a borrower who requests a

7   foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point

8   of contact and provide to the borrower one or more direct means of communication with the

9   single point of contact."   Cal. Civ. Code § 2923.7.   However, Plaintiff does not allege that

10  anytime on or after January 1, 2013, she requested a foreclosure prevention alternative which

11  would have entitled her to a single point of contact.   Thus, Plaintiff does not allege any basis

12  violation of Civil Code section 2923.7.

13          **E.      Plaintiff's Third Claim for Breach of the Implied Covenant of Good Faith**

14                  **and Fair Dealing Fails Because Plaintiff Has Not Alleged A Specific**

15                  **Contractual Provision That Defendants Breached**

16          Plaintiff fails to point to a specific contractual provision in the Deed of Trust and

17  Promissory Note that was frustrated by Defendants to support claim for Breach of the Implied

18  Covenant of Good Faith and Fair Dealing.   "The implied covenant operates to protect the

19  express covenants or promises of (a) contract … (it) cannot impose substantive duties or limits

20  on the contracting parties beyond those incorporated in the specific terms of (the parties')

21  agreement."   *Plastino v. Wells Fargo Bank* (2012) 873 F.Supp.2d 1179, 1191, quoting *Perez v.*

22  *Wells Fargo Bank*, N.A., 2011 WL 3809808 at *18 (N.D. Cal. 2011).   Importantly, "to state a

23  claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify

24  the specific contractual provision that was frustrated."   *Ibid.*

25          Here, Plaintiff alleges that Ocwen breached its duty of implied good faith and dealing by

26  holding itself out as a servicer entitled to collect Plaintiff's mortgage payments and

27  misrepresenting that it was forwarding Plaintiff's payments to the true creditor.   (Compl., ¶ 124).

28  Plaintiff also claims Ocwen breached its duty of implied good faith and fair dealing by

---

**DEFENDANTS' MOTION TO DISMISS**

1   attempting to intimidate Plaintiff into signing a modification agreement.   (Compl., ¶ 125).

2   However, the prerequisite for any action for breach of the implied covenant of good faith and

3   fair dealing is the existence of a contractual relationship between the parties.   *Smith v. City and*

4   *County of San Francisco* (1990) 225 Cal.App.3d 38, 49.   Because Plaintiff does not establish a

5   contractual relationship between herself and Ocwen and a specific contractual provision that was

6   frustrated, she cannot state a claim for breach of the implied covenant as to Ocwen.

7           As to Western Progressive, Plaintiff alleges that Western Progressive misrepresented

8   itself as the trustee under the Deed of Trust without any support for this allegation.   (Compl.,, ¶

9   128).   However, Plaintiff does not establish a specific contractual provision that was frustrated

10  by Western Progressive, nor does Plaintiff allege that Western Progressive acted with malice in

11  performing privileged statutory duties as foreclosure trustee to provide a basis for liability

12  against Western Progressive.

13          Furthermore, Plaintiff's third claim fails as to all Defendants as she has made no denial

14  of her receipt of funding under the terms of the Deed of Trust and her subsequent default under

15  the Loan.   Plaintiff fails to assert any actions by Defendants that interfered with her right to

16  receive the benefits of the agreement.   Thus, Plaintiff's claim for Breach of the Covenant of

17  Good Faith and Fair Dealing should be dismissed with prejudice.

18      **F.      Plaintiff's Fourth Claim for Quasi-Contract Fails As A Matter of Law**

19              **Because It Is Barred by the Statute of Limitations and Is Not Pled With the**

20              **Requisite Specificity**

21          **1.      Plaintiff's Quasi-Contract Claim Is Barred By the Statute of**

22                  **Limitations**

23          Plaintiff's Quasi-Contract claim is barred by the three-year statute of limitations.   An

24  unjust enrichment or quasi-contract action in the form of a claim to recover money or other

25  benefit obtained by fraud or mistake is governed by the three-year statute of limitations for

26  actions based on fraud or mistake.   Cal. Code of Civ. Proc. § 338, subd. (d); *see F.D.I.C. v.*

27  *Dintino* (2008) 167 Cal.App.4th 333, 348.   Here, Plaintiff does not allege any facts to support a

28  tolling of the statute of limitations sufficient to make her claim timely.   Plaintiff fails to plead

---

**DEFENDANTS' MOTION TO DISMISS**

1  the facts necessary to rely on the delayed discovery rule by showing her inability to have

2  discovered the alleged fraud earlier despite reasonable diligence.  *Fox v. Ethican Endo-Surgery,*

3  *Inc.* (2005) 35 Cal. 4th 797, 808.  Thus, Plaintiff's time-barred Quasi-Contract claim should be

4  dismissed as a matter of law.

5  **2.  Plaintiff Fails to Plead Fraud With the Requisite Specificity**

6  Plaintiff's claim for Quasi-Contract is really a claim for unjust enrichment and Plaintiff

7  fails to allege sufficient facts to state a claim for unjust enrichment against Defendants.  *See*

8  *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64, 78 ("If an

9  entity obtains a benefit that it is not entitled to retain, the entity is unjustly enriched.  The

10  aggrieved party is entitled to restitution, which is synonymous with quasi-contractual

11  recovery.").  A claim for unjust enrichment requires pleading "the receipt of a benefit and the

12  unjust retention of the benefit at the expense of another."  *Lectrodryer v. SeoulBank* (2000) 77

13  Cal.App.4th 723, 726.  "The mere fact that a person benefits another is not in itself sufficient to

14  require the other to make restitution therefor."  *Dinosaur Development, Inc. v. White*, 216

15  Cal.App.3d 1310, 1315, 265 Cal.Rptr. 525 (Ct.App.1989).

16  Plaintiff fails to meet the heightened pleading standards of Rule 9(b) for allegations of

17  fraud in support of her Quasi-Contract claim.  As Plaintiff's Quasi-Contract claim is premised

18  on fraudulent conduct by Defendants, Plaintiff must meet the heightened pleading standards of

19  Federal Rule of Civil Procedure 9(b).  Plaintiff summarily alleges that "Defendants Ocwen, New

20  Century Mortgage and Deutsche Bank have been unjustly enriched by the receipt of payments

21  from Plaintiff ... and Western Progressive, MERS, and Deutche Bank will be unjustly enriched

22  by a trustee's sale of Plaintiff's Subject Property."  (Compl., ¶¶ 135-136).  However, Plaintiff

23  fails to plead with particularity the circumstances constituting the alleged fraud.  *See* Fed. R.

24  Civ. P. 9 (b).  Plaintiff provides no information regarding the time, place, and specific content of

25  Defendants' demands for payment and acceptance of payment.  Thus, even taking Plaintiff's

26  allegations as true, Plaintiff fails to meet Rule 9(b)'s heightened pleading requirements to claim

27  fraud.

28  ///

**DEFENDANTS' MOTION TO DISMISS**

**G. Plaintiff's Fifth Claim for Accounting Fails As A Matter of Law Because Defendants Owe No Money to Plaintiff**

Plaintiff is not entitled to the equitable remedy of an accounting because no money is owed to her. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and a defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179. Here, Plaintiff requests an accounting of "all monies paid on her account and to whom" and does not allege that money is owed to her. (Compl. ¶ 144). Plaintiff therefore fails to state facts sufficient to constitute a claim for an accounting. Furthermore, as discussed above, Plaintiffs have not sufficiently stated a claim for breach of fiduciary duty or fraud. *See Union Bank v. Superior Ct.* (1995) 31 Cal.App.4th 573, 593–94 (stating that the right to accounting only arises where there is a fraud or some fiduciary duty). If all other causes of action fail, an accounting action may not survive by itself. *See Janis v. Cal. State Lottery Comm'n* (1998) 68 Cal. App. 4th 824, 833–34 (stating that the right to an accounting is derivative and must be based on other claims). Thus, Plaintiff's Accounting claim fails as a matter of law and should be dismissed.

**H. Plaintiff's Slander Of Title Claim Fails Because Plaintiff Does Not Allege Facts Showing That Defendants Maliciously Recorded The Foreclosure Documents**

In Plaintiff's sixth claim for Slander of Title, Plaintiff claims that Defendants were not entitled to declare a default which did not represent the true parties or terms of the transaction and that the recording of the Notice of Default was a slander of her title to the Property. (Compl., ¶¶ 155-156). A slander of title claim must be based on an unprivileged or malicious publication of a false statement that disparages plaintiff's title to real property and causes pecuniary loss. *Gudger v. Manton* (1943) 21 Cal. 2d 537, 541-546; *Stalberg v. Western Title Ins. Co.* (1994) 27 Cal.App.4th 925, 929. Civil Code section 2924(d) states that the mailing, publication and delivery of notices as required by this section (governing non-judicial foreclosure sales) and performance of procedures described in this article "shall constitute

privileged communications." Cal. Civ. Code § 2924(d). This means that Defendants' actions cannot form a basis for a slander of title claim, unless the Defendants have maliciously recorded the foreclosure documents. *Gudger*, *supra*, 21 Cal.2d 537 at 544 ("Malice is an essential element in slander of title."). Plaintiff does not allege any facts to suggest Defendants created and published the documents with the malicious intent to injure Plaintiff. Thus, Plaintiff fails to state a single fact that serves to support a slander of title claim and such claim should be dismissed with prejudice.

## I.    Plaintiff's Seventh Claim for Unfair Competition Claim Fails Because She Lacks Standing And It Is Premised On Underlying Claims That Fail

Plaintiff lacks standing to bring a claim under Business and Professions Code section 17200 (the "UCL") because she has not lost her property as a result of Defendants' alleged unfair business acts. Under the UCL, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To bring a claim under the UCL, Plaintiff must show a causal link between Defendants' alleged unfair, unlawful, or fraudulent acts and the loss of her home. *See* Cal. Bus. & Profs. Code §§ 17203, 17204; *Jenkins*, *supra*, 216 Cal.App.4th at 523. Here, it is indisputable that Plaintiff's default triggered the lawful enforcement of the power of sale clause in the Deed of Trust, and it was the triggering of the power of sale clause that caused the initiation of non-judicial foreclosure proceedings, not Defendants' allegedly unfair business practices. Moreover, Plaintiff does not deny that her default occurred prior to the allegedly unlawful recording of the Notice of Default, Assignment of Deed of Trust, Substitution of Trustee, and Notice of Trustee's Sale. Because Plaintiff's home was subject to non-judicial foreclosure due to her default on the loan and no trustee's sale has occurred, Plaintiff cannot assert loss of her home was caused by Defendants' allegedly wrongful actions as a matter of law. *See Jenkins*, *supra*, 216 Cal.App.4th at 523; *Plastino v. Wells Fargo Bank* (2012) 873 F.Supp.2d 1179.

Plaintiff's claim for violation of the UCL also fails on the grounds that it is premised on underlying claims that also fail as explained elsewhere in this Motion and Plaintiff does not allege any grounds for holding Defendants liable for alleged wrongdoing by non-party New

1     Century Mortgage.  As such, Plaintiff's claim under the UCL fails and should be dismissed with

2     prejudice.

3          **J.**      **Plaintiff's Eighth Claim for Violation of the FDCPA Fails As A Matter of**

4                 **Law Because Plaintiff Does Not Establish Any of the Defendants as a Debt**

5                 **Collector Performing Debt Collection Activities In Violation of the FDCPA**

6       Plaintiff's claim under the Federal Debt Collection Practice Act ("FDCPA") fails as to

7     each Defendant because Defendants are not debt collectors as defined under the FDCPA,

8     foreclosing activities do not constitute debt collection for purposes of the FDCPA, and Plaintiff

9     fails to plead a specific violation of the FDCPA.  In order to establish a claim under the FDCPA

10     against any of the Defendants, the facts as alleged must show that Defendants are a "debt

11     collector" as defined by the FDCPA and that their conduct constituted "debt collection," and that

12     the debt collection actions violated a provision of the Act.  *See, e.g.*, *Heintz v. Jenkins* (1995)

13     514 U.S. 291, 294.  Plaintiff fails to establish any of these elements.

14       While Plaintiff broadly states that Defendants attempted to collect on a debt that they

15     were not entitled to collect on, Plaintiff does not specifically plead facts to establish any of the

16     Defendants as a debt collector.  Nor does Plaintiff plead facts to establish that Defendants were

17     not entitled to payments by Plaintiff.  Plaintiff alleges that DBNTC as Trustee and Ocwen

18     violated sections 1692f(6), 1692e(a), and 1692(e)(1) of FDCPA by taking non-judicial action to

19     threaten and propose to effect the dispossession of title of Plaintiff's Property when DBNTC as

20     Trustee is not the beneficiary under the Deed of Trust or the Note holder entitled to payments.

21     (Compl., ¶¶ 181, 183).  However, the acts required to institute foreclosure proceedings, alone,

22     are not debt collection activities under the FDCPA.  *See Peifer v. Countrywide Home Loans, Inc.*

23     (2012) 211 Cal.App.4th 1250, 1264 (finding that giving notice of a foreclosure sale to a

24     consumer as required by the Civil Code does not constitute debt collection activity under the

25     FDCPA).  Thus, Plaintiff's claim under the FDCPA fails as a matter of law and should be

26     dismissed.

27     ///

28     ///

---

**DEFENDANTS' MOTION TO DISMISS**

**K.      Plaintiff's Ninth Claim for Violation of RESPA and TILA Fails As A Matter of Law**

Plaintiff alleges that Ocwen violated RESPA section 2605 by failing to provide a detailed accounting of the fees, charges and escrow account as requested by Plaintiff.   However, Plaintiff fails to establish that she ever served Ocwen with a valid qualified written request as defined by RESPA.  RESPA defines a "qualified written request" as a request that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605 (e)(1)(B).  Any request for information should "relat(e) to the servicing of (the) loan."  12 U.S.C. § 2605 (e)(1)(A)(emphasis added); *see Medrano v. Flagstar Bank, FSB* (2012) 704 F.3d 661, 666.  Plaintiff does not plead facts to establish that she sent a valid qualified written request which sought information related to the servicing of her loan or reasons that she believed her account was in error.  Furthermore, Plaintiff does not state that Ocwen allegedly responded with a partial reply to her alleged qualified written request letter within a year of filing the subject complaint to bring this claim within the one-year statute of limitations for violation of Section 2605.  *See* 12 U.S.C. § 2614.

Plaintiff's claim for Violation of TILA also fails as to the loan servicer Ocwen, foreclosure trustee Western Progressive, and original beneficiary, acting as nominee for the Lender MERS because liability for damages under TILA is limited to the original creditor and assignees. 15 U.S.C. §§ 1640(a), 1641 (a), and 1641(f).  With respect to DBNTC as Trustee, Plaintiff appears to claim DBNTC as Trustee violated section 1641(g) of Truth in Lending Act (TILA) by failing to notify Plaintiff that it was the new owner of her loan within 30 day so the purchase.  However, an Assignment of Deed of Trust was recorded in 2011, and an action for damages under TILA must be brought within one year of the occurrence of the violation.  *See* 12 U.S.C. § 1640 (e); RJN, Ex. 7.  Thus, any claim under TILA as to DBNTC as Trustee is time-barred.  As such, Plaintiff's claim for Violation of TILA fails as to all Defendants as a matter of law and should be dismissed with prejudice.

///

---

**DEFENDANTS' MOTION TO DISMISS**

1

**IV.     <u>CONCLUSION</u>**

2

      For the reasons set forth above, Defendants respectfully request that Plaintiff's

3

Complaint be dismissed in its entirety with prejudice.

4

5

Dated:  December 23, 2013         HOUSER & ALLISON

6

                       A Professional Corporation

7

8

                       By: <u>/s/ Lauren E. Misajon</u>

9

                         Lauren E. Misajon, Esq.,
                       Attorneys for Defendants,

10

                       Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-

11

                       BR1, Mortgage Pass-Through Certificates, Series 2007-BR1, Ocwen Loan Servicing, LLC, Mortgage

12

                       Electronic Registration Systems, Inc., and Western Progressive, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANTS' MOTION TO DISMISS**

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF LOS ANGELES          )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

     On December 23, 2013, I served the following document(s):  **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the following interested parties in this action described as follows:

Nan Hui Chen
4121 Shelter Creek Lane
San Bruno, CA 94066-6001
Email:  schenbiz@gmail.com
Tel.:   650-557-6674
*PRO SE*

[ X ]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

     Executed on December 23, 2013, in Long Beach, California.

Tiffany Singer